# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DONNA LEVY,

       Plaintiff,

   v.

SWAROVSKI RETAILVENTURES
LTD.,

      Defendant.

CIVIL ACTION FILE NO.
1:23-CV-01312-TWT-JCF

JURY TRIAL DEMANDED

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Swarovski Retail Ventures LTD. ("Defendant") and files this, its Answer to Plaintiff's Complaint, and by way of said Answer, respectfully shows the following:

## FIRST DEFENSE

Plaintiff's Complaint and each of its causes of action fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's damages are limited to those remedies and those amounts provided for by statute.

## **THIRD DEFENSE**

Any act or failure to act toward Plaintiff was not the result of any willful, malicious, reckless, intentional, or bad faith conduct on the part of Defendant such as to give rise to the imposition of punitive damages. Defendant has at all times acted in good faith and had objectively reasonable grounds to believe that any action or omission taken with respect to Plaintiff was in compliance with all federal and state laws.

## **FOURTH DEFENSE**

All actions taken by Defendant with respect to the terms and conditions of Plaintiff's employment were for legitimate, non-discriminatory, and/or non-retaliatory reasons. No impermissible discriminatory or retaliatory motive played any motivating factor in Defendant's treatment of Plaintiff. Alternatively, even if Plaintiff could demonstrate that discrimination or retaliation played a motivating part in any such action, which is expressly denied, the same action would have been taken for legitimate, non-discriminatory, and/or non-retaliatory reasons.

## **FIFTH DEFENSE**

Any adverse action taken against Plaintiff was done so in good faith without malice or reckless indifference to Plaintiff's protected rights.

## SIXTH DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations, including the failure to file the instant lawsuit within the time period required by the applicable statute.

## SEVENTH DEFENSE

Even if Plaintiff was subject to unlawful conduct based on Plaintiff's protected class status, which is expressly denied, Defendant exercised reasonable care to prevent and correct the actions which support Plaintiff's claim and Plaintiff unreasonably failed to avail herself of preventive or corrective opportunities or to avoid harm otherwise.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent she has failed to mitigate her alleged damages as required by law.

## NINTH DEFENSE

Plaintiff's Complaint fails to allege sufficient support for punitive, actual, special, exemplary, liquidated, consequential, and/or compensatory damages and Defendant is immune from the same.

## TENTH DEFENSE

Any damages Plaintiff alleges she suffered occurred as a direct and proximate result of her own actions and/or inactions, or the actions and/or inactions of persons for whom Defendant is not liable.

## ELEVENTH DEFENSE

There are superseding and/or intervening causes for damages, if any, incurred by Plaintiff that bar recovery from Defendant.

## TWELFTH DEFENSE

All claims Plaintiff brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., are barred to the extent that they were never made the subject of a charge of discrimination with the applicable government agency within the time required by law or because the claims are not within the scope of any charge of discrimination filed by Plaintiff.

## THIRTEENTH DEFENSE

Plaintiff is contractually obligated to arbitrate her claims and thus this action should be stayed pending completion of that arbitration.

## FOURTEENTH DEFENSE

Defendant reserves the right to assert additional affirmative defenses on the basis of any evidence discovered in pursuit of this litigation.

## FIFTEENTH DEFENSE

In response to the specific paragraphs of the Complaint, Defendant shows this Court as follows:

## JURISDICTION AND VENUE

### 1.

Defendant admits that Plaintiff seeks to invoke the jurisdiction of this Court. Defendant denies the remaining allegations set forth in Paragraph 1 of the Complaint.

### 2.

Defendant admits that Plaintiff seeks to invoke venue in this district and division. Defendant denies the remaining allegations set forth in Paragraph 2 of the Complaint.

## PARTIES

### 3.

Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint and therefore denies said allegations.

### 4.

Defendant admits the allegations set forth in Paragraph 4 of the Complaint.

### 5.

Defendant admits the allegations set forth in Paragraph 5 of the Complaint.

## ADMINISTRATIVE PREREQUISITES

### 6.

Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint and therefore denies said allegations.

### 7.

Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint and therefore denies said allegations.

## FACTS

### 8.

Defendant admits the allegations set forth in Paragraph 8 of the Complaint.

### 9.

Defendant admits the allegations set forth in Paragraph 9 of the Complaint.

### 10.

Defendant denies the allegations set forth in Paragraph 10 of the Complaint.

### 11.

Defendant denies the allegations set forth in Paragraph 11 of the Complaint.

### 12.

Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

13.

Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and therefore denies said allegations.

14.

Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and therefore denies said allegations.

15.

Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and therefore denies said allegations.

16.

Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and therefore denies said allegations.

17.

Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and therefore denies said allegations.

18.

Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and therefore denies said allegations.

19.

Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20.

Defendant denies that it was aware that Plaintiff suffers from any medical condition. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 20 of the Complaint and therefore denies said allegations.

21.

Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint and therefore denies said allegations.

22.

Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and therefore denies said allegations.

23.

Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

## SUBSTANTIVE CLAIMS

### COUNT-I
### Title VII – Sexual Harassment

24.

Defendant incorporates by reference its defenses and responses to all preceding paragraphs of the Complaint as if fully set forth herein.

25.

Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26.

Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27.

Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

28.

Defendant admits that Paragraph 28 of the Complaint contains Plaintiff's beliefs regarding Title VII's requirements. Except as specifically admitted herein, Defendant denies the remaining allegations in Paragraph 28 of the Complaint.

29.

Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30.

Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31.

Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32.

Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

**COUNTS II AND III**
**Title VII – Religious Discrimination and Harassment**

33.

Defendant incorporates by reference its defenses and responses to all preceding paragraphs of the Complaint as if fully set forth herein.

34.

Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

35.

Defendant denies the allegations set forth in Paragraph 35 of the Complaint.

36.

Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

37.

Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38.

Defendant admits that Paragraph 38 of the Complaint contains Plaintiff's beliefs regarding Title VII's requirements. Except as specifically admitted herein, Defendant denies the remaining allegations in Paragraph 38 of the Complaint.

39.

Defendant denies the allegations set forth in Paragraph 39 of the Complaint.

40.

Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

41.

Defendant denies the allegations set forth in Paragraph 41 of the Complaint.

42.

Defendant denies the allegations set forth in Paragraph 42 of the Complaint.

**COUNT IV**
**Americans with Disability Act – Disability Harassment**

43.

Defendant incorporates by reference its defenses and responses to all preceding paragraphs of the Complaint as if fully set forth herein.

44.

Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

45.

Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

46.

Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

47.

Defendant admits that Paragraph 47 of the Complaint contains Plaintiff's beliefs regarding the ADA's requirements. Except as specifically admitted herein, Defendant denies the remaining allegations in Paragraph 47 of the Complaint.

48.

Defendant denies the allegations set forth in Paragraph 48 of the Complaint.

49.

Defendant denies the allegations set forth in Paragraph 49 of the Complaint.

50.

Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51.

Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

52.

Defendant denies all other allegations set forth in the Complaint.

53.

Defendant denies that Plaintiff is entitled to any of the relief requested by Plaintiff in her Prayer for Relief.

WHEREFORE, Defendant respectfully requests that this Court:

1.     Dismiss with prejudice Plaintiff's Complaint;

2.     Enter judgment in favor of Defendant and against Plaintiff;

3.     Award Defendant its reasonable attorney's fees, costs, and expenses; and

4.     Award any and all other relief to Defendant that this Court may deem necessary and proper.

This the 23rd day of May, 2023.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

*/s/ Kenneth G. Menendez*
KENNETH G. MENENDEZ
GA. Bar No.: 502045
Lucas B. Zavoli
GA Bar No.: 758581

100 Galleria Parkway, Suite 1600        *Counsel For Defendant*
Atlanta, Georgia 30339-5948
T:  770.818.0000
F:  770.937.9960
E:  kmenendez@fmglaw.com
E:  luke.zavoli@fmglaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DONNA LEVY<br><br>      Plaintiff,<br><br>  v.<br><br>SWAROVSKI RETAILVENTURES LTD.,<br><br>      Defendant. | CIVIL ACTION FILE NO.<br>1:23-CV-01312-TWT-JCF<br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I hereby certify that I have this 23rd day of May 2023, filed the foregoing **Defendant's Answer to Plaintiff's Complaint** with the Clerk of Court using the CM/ECF system, which will automatically send a notification of electronic filing and a copy to counsel of record in this matter, as follows:

James Radford
Radford & Keebaugh
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, GA 30030
james@decaturlegal.com

*/s/ Lucas B. Zavoli*
Lucas B. Zavoli
Georgia Bar No. 758581
Luke.zavoli@fmglaw.com